**RUPP CONSTRUCTION COMPANY, Respondents,**

v.

**COUNTY OF LINCOLN, Appellant.**

**No. C2–84–1319.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Malone & Mailander, Slayton, for respondent.

Michael W. Cable, Lincoln County Atty., Ivanhoe, for appellant.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

### OPINION

NIERENGARTEN, Judge.

This is an appeal from the trial court's entry of judgment in the sum of $2,877.14 in favor of respondent Rupp Construction Co. We affirm.

### FACTS

In early 1983, respondent Rupp Construction Co., Inc. entered into a contract

with appellant Lincoln County pursuant to a State Aid Project for graveling and shouldering various roads within Lincoln County. In order to produce the aggregate material for base, Rupp leased a gravel pit in Lincoln County. During the months of April and May 1983, Rupp produced and stockpiled aggregate material in the gravel pit.

In May 1983, the County made a partial payment under the contract which was due upon completion of the stockpiling of the aggregate. It refused, however, to pay the balance of $2,877.14 claiming a production tax on the aggregate was due in the amount of $2,703.19 under the provisions of a Lincoln County ordinance. The ordinance was adopted pursuant to a state law making it mandatory that counties impose a production tax on the removal of "aggregate material" from pits, quarries, and deposits located within the county. *See* Minn. Stat. § 298.75, subd. 2 (1982).

Lincoln County Aggregate Removal Tax Ordinance provides:

> Any operator who removes aggregate from a pit, quarry, or deposit located within this County shall pay a production tax thereon. The tax shall be imposed when the aggregate is transported from the extraction site, provided however, that when in the case of storage the stockpile is within the State of Minnesota and the highways are not used for transporting the aggregate, the tax shall be imposed when the aggregate is sold.

Lincoln County Ordinance No. 11, § 2.02. Section 2.02 was effective January 1, 1983, and was repealed June 30, 1983. Lincoln County argues that because the aggregate was stockpiled within the State of Minnesota and highways were not used to transport the aggregate, a production tax on the aggregate should have been imposed when the sale occurred prior to June 30, 1983, thereby offsetting the balance owed under the contract.

The trial court held the tax should not have been imposed at the time of sale because the highways were used for hauling the aggregate. Instead, the tax should have been imposed when the gravel was removed from the extraction site which was after the repeal of Ordinance No. 11. Therefore, no tax was owing. Lincoln County appealed.

## ISSUE

Did the trial court correctly interpret Lincoln County Ordinance No. 11 as imposing the tax at the time of transport rather than at the time of sale?

## ANALYSIS

Lincoln County argues that the question of whether the highways are utilized to transport aggregate must be asked at the time of the sale and that any other interpretation renders the imposition of a tax at sale meaningless. We disagree.

The trial court correctly concluded the production tax was to be imposed when the aggregate was transported from the extraction site. The aggregate produced by Rupp was earmarked for the road project in Lincoln County and was to be transported from the extraction site to the project by the use of the highways. It was, therefore, known when the contract was executed that the highways were to be used for transporting the aggregate.

The County argues the trial court's interpretation of Ordinance No. 11 renders the portion of the ordinance imposing a tax on aggregate when sold meaningless. This is not so. It is conceivable in other situations that stockpiled aggregate could be transported by rail, waterway or some other non-highway mode.

## DECISION

Since the gravel was never transported from the extraction site during the six month period that Ordinance No. 11 was in effect, no production tax was owing.

Affirmed.